# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| DAWAYNE ARTHUR MALLETT | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv727 |
| WARDEN DAVIS | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Dawayne Arthur Mallett, an inmate confined at the United States Penitentiary in Florence, Colorado, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

Petitioner submitted this petition for writ of habeas corpus asserting he was denied due process because the court has not yet made a determination regarding his motion to vacate sentence, he was denied effective assistance of counsel, and he is actually innocent as to Counts 1 and 2 of the charges against him.

## Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner is currently confined in the United States Penitentiary in Florence, Colorado where he was located when he submitted the petition. Pursuant to 28 U.S.C. § 85, Florence is located within the jurisdictional boundaries of the United States District Court for the District of Colorado. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Petitioner attacks the legality of his conviction. Under other circumstances, the court would be enclined to consider this petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. However, petitioner currently has a motion to vacate, set aside or correct sentence currently pending before this court. *See Mallett v. United States,* No. 1:07cv922.

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is confined rather than dismissed the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this  18  day of     September    , 2009.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE